UNITED STATES COURT OF APPEALS

**Filed 8/22/96**

---

ESTHER MOSES, on behalf of
Herbert Moses, deceased,

      Plaintiff-Appellant,

v.

ROGER C. BOND, M.D.; SANFORD
FITZIG, M.D.; ALEX D. AMMAR,
M.D.; EMERGENCY MEDICAL
SERVICES OF SEDGWICK
COUNTY; CHESTER L. PINKSTON,
JR., Wichita Police ID 1438,

      Defendants-Appellees.

No. 95-3382
(D.C. No. 95-4112-DES)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of her medical malpractice action for lack of subject matter jurisdiction.  We review such a dismissal de novo.  Laguna Gatuna, Inc. v. Browner, 58 F.3d 564, 565 (10th Cir. 1995), cert. denied, 116 S. Ct. 771 (1996).

Generally, federal courts have subject matter jurisdiction only if a case involves parties with diverse citizenship in an action for at least $50,000, 28 U.S.C. § 1332, or if the case involves a question of federal law, 28 U.S.C. § 1331. See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1496 (10th Cir. 1995).  Because all of the parties to this action are Kansas residents, plaintiff has failed to establish diversity jurisdiction.  See id. at 1495. Plaintiff also has failed to allege a federal claim against the defendant physicians. Further, even if we liberally construed plaintiff's complaint to allege federal constitutional claims against the ambulance service and the police officer under 42 U.S.C. § 1983, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), those claims would be barred by the applicable two-year Kansas statute of limitations.

See Baker v. Board of Regents, 991 F.2d 628, 630 & n.1 (10th Cir. 1993) (citing

Kan. Stat. Ann. § 60-513(a)(4)).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge
